## BOYINGTON v. RINGWOOD.

The evidence did not authorize the verdict.

### No. 1096. APRIL 17, 1919.

Ejectment. Before Judge Mathews. Bibb superior court. July 17, 1918.

Ellen Ringwood brought ejectment against Charlie Boyington, for the recovery of 12 acres, more or less, of described land, and for mesne profits. The defendant filed the plea of not guilty. On the trial it appeared that the land sued for had formerly been owned by Allen Starr, who died in 1910, leaving his wife, Celia Starr (a sister of the plaintiff), and one child, Mary Boyington (wife of Charlie Boyington and niece of Ellen Ringwood); and that Celia Starr died in 1914, leaving Mary Boyington as her sole

heir. The plaintiff claimed an interest under a parol gift from Mary Boyington, and an interest under a written instrument introduced in evidence over objection of the defendant, which was as follows:

"Rutland Distract. Walden, Bibb Co., Ga. Dec. th 18. 19-16.
"I this day give to my Ant Ellen Ringwood My land. 6 acres And give her deads And title that I had to shore·for it whitch coves the hole place And give her problidge to sell it this is My hand writing. Sell my mule wagon plow gears plow stock cotton planter guanostribotle Mary Jain Mitchell is the only witness that I had for Ant Ellen. ' give my half of money to Millisia Holt. Mary A. Boyington."

that
gives
my
Antie
the
12
acres

After verdict for the plaintiff, a new trial was refused, and the defendant excepted.

*Feagin & Hancock,* for plaintiff in error.·

*O. J. Wimberly, J. L. Wimberly,* and *Sam B. Hunter,* contra.

GILBERT, J. The written instrument set out in the statement of facts and relied upon for a recovery of the land is both vague and ambiguous, and, construed in the light of the parol evidence admitted to explain the ambiguity, it is insufficient to afford a recovery. It cannot be said with any degree of certainty whether the maker intended to give to the plaintiff six or twelve acres of land. If she intended to recite that six acres had previously been given, there was no possession; and it is not shown with definiteness when the gift was made, nor which land was previously given, or whether there was previously a gift of a half undivided interest in the entire twelve acres. The evidence does not show that the land recovered, and which was the land of Mary Boyington, .deceased, is the land described in the petition. The fact that both parties claim under a common remote grantor, Allen Starr, is not alone sufficient. The evidence fails to show that this was the only land owned by Allen Starr. Titles to land, to be sufficient for a recovery, must stand upon evidence more certain and definite than that disclosed by the record in this case. The court erred in refusing to grant a new trial.

*Judgment reversed. All the Justices concur.*